**437**



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Reagan S. Wyche
County Auditor
Gregg County
Longview, Texas

Opinion No. O-6094
Re: Construction of
Art. 1694, V.A.C.S.

Dear Mr. Wyche:

Your recent request for an opinion received and quoted as follows:

"In establishing a County free library under Art. 1694, does the language used in this article mean that before the Commissioners' Court has authority to make the contract referred to, must a petition signed by a majority of the voters of the county be obtained?

"Or does this mean that the Commissioners' Court may make a contract with an already established library without the petition of a majority of the voters of the county?"

Article 1694, V.A.C.S., reads as follows:

"Contract with established library.—Instead of establishing a separate county free library, upon petition of a majority of the voters of the county, the commissioners' court may contract for library privileges from some already established library. Such contract shall provide that such established library shall assume the functions of a county free library within the county with which the contract is made, including incorporated cities and towns therein, and shall also provide that the librarian of such established library shall hold or secure a county librarian's certificate from the State Board of Library Examiners. Said court may contract to pay annually into the library fund of said established library such sum as may be agreed

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION

Hon. Reagan S. Wyche, page 2

upon, to be paid out of the county library fund. Either party to such contract may terminate the same by giving six months notice of intention to do so. Property acquired under such contract shall be subject to division at the termination of the contract upon such terms as are specified in such contract."

The first legislative act authorizing free libraries to be established was passed by the 34th Legislature, Acts of 1915, Chap. 117, beginning on page 175 of the General Laws of Texas. This was entitled an act "to establish, maintain, operate, equip and disestablish county free libraries and county circulating libraries for the use of the citizens of this State;....", and said act underwent subsequent revisions with the last revision, Acts of 1919, 36th Legislature, 2nd Called Session, found incorporated under Title 35, Articles 1677-1696, Revised Civil Statutes, 1925.

In neither the original act nor any prior amendment thereto did the Legislature see fit to exact more onerous prerequisites for the entering into of a contract with the authorities of an established library than for the establishing of a county free library.

Article 1678, R.C.S., 1925, confers the authority on the commissioners' court to establish county free libraries "on their own initiative, or when petitioned to do so by a majority of the voters of that part of the county to be effected". As the Legislature, by direct expression, gave such court power to establish county free libraries on their own initiative without a petition, if the court so chose, we cannot believe that they intended to withhold this power from such court in the case of entering into a contract for library privileges from some already established library.

It is our belief that the words: "upon petition of a majority of the voters of the county", as contained in said article 1694, supra, if they have any meaning at all in this article, refer back to the preceding clause in description of the manner "of establishing a separate county free library".

Hon. Reagan S. Wyche, page 3

Therefore, it is the opinion of this department that the commissioners' court may contract for library privileges from some already established library upon their own initiative and without a petition of the majority of the voters of the county.

Trusting this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore, Jr.
Robert L. Lattimore, Jr.
Assistant.

RLL:rt

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN